**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**VICTOR RYCKEBOSCH, INC., Respondent.**

No. 71-2604.

United States Court of Appeals, Ninth Circuit.

Nov. 28, 1972.

Michael Winer, Atty. (argued), Robert A. Giannasi, Atty., Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., Abraham Siegel, Director, NLRB, Region 31, Los Angeles, Cal., for petitioner.

Wayne Jett (argued), George M. Cox, John H. Stephens, of Cox, Castle, Nichol-son & Weekes, Gerald Goldman, Los Angeles, Cal., for respondent.

Before MERRILL and GOODWIN, Circuit Judges, and SKOPIL, District Judge.*

ALFRED T. GOODWIN, Circuit Judge:

The National Labor Relations Board petitions for enforcement of an order which would require Ryckebosch to bargain with the union representing truck drivers. Ryckebosch claims the employees are within the "agricultural laborer" exemption, Section 2(3) of the National Labor Relations Act, 29 U.S.C. § 152(3). Because we agree that the employees are within the exemption, we hold that the Board had no jurisdiction, and its petition for enforcement must be denied.

Ryckebosch buys fertile eggs from breeding farms and incubates them in its hatcheries. After the eggs hatch Ryckebosch debeaks the chicks and transports them to one of many so-called independent growers with whom Ryckebosch has feeding contracts. The growers feed the chicks under the supervision of Ryckebosch field representatives who visit each grower once a week or more. Ryckebosch retains title to the birds. Ryckebosch supplies feed and veterinary services. Ryckebosch pays the growers from one to two-and-one-half cents per pound for all chickens marketed. Ryckebosch determines when the birds are marketable, and transports them to the processing plants. The drivers who transport the grown chickens to market are the employees involved in this case.

Since 1946, the appropriation acts for the NLRB have carried a rider which provides that the term "agricultural laborer" shall be defined in accordance with Section 3(f) of the Fair Labor Standards Act, 29 U.S.C. § 203(f). This provision reads:

" 'Agriculture' includes farming in all its branches and * * * in-

---

* The Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation.

cludes * * * the raising of * * * poultry, and * * * practices * * performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market."

This definition has two branches. Farmers Reservoir & Irrigation Co. v. McComb, 337 U.S. 755, 69 S.Ct. 1274, 93 L.Ed. 1672 (1949). The first relates to actual farming operations; the second "includes any practices, whether or not themselves farming practices, which are performed either by a farmer or on a farm, incidently to or in conjunction with 'such' farming operations." 337 U.S. at 763, 69 S.Ct. at 1278.

Ryckebosch has asserted that the activities of its truck drivers fall within the second branch of the definition. Its business, it says, is the raising of poultry "from the cradle to the grave," and the trucking of the mature birds to market, it contends, is incident to that farming.

In NLRB v. Strain Poultry Farms, Inc., 405 F.2d 1025 (5th Cir. 1969), the court held, on substantially identical facts, that the activities of the drivers fell within the exemption. The NLRB admits that the facts in *Strain* are "essentially the same" as those here, but urges that the case does not correctly implement congressional intent.

The social and economic problems related to large-scale corporate farming are more appropriately resolved by debate and committee study in Congress than by adversary proceedings in court. If Congress is troubled by the reasoning in *Strain*, it is free to translate its intent into clearer legislation. The NLRB has not demonstrated that we need create a conflict between the Circuits on this point.

The raising of poultry is an exempt business under Section 2(3) of the National Labor Relations Act, 29 U.S.C. § 152(3), as defined in Section 3(f) of

the Fair Labor Standards Act, 29 U.S.C. § 203(f), and we hold that the work of the Ryckebosch drivers in shuttling poultry from feed lot to processing plant is encompassed within that exempt business.

Petition denied.